IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| KIMBERLY G., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. CBD-18-2657 |
| NANCY A. BERRYHILL, | ) ) ) |
| Acting Commissioner, Social Security Administration | ) ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

Kimberly G. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Commissioner denied Plaintiff's claim for Supplemental Security Income Benefits ("SSI") under Title XVI of the Social Security Act and granted Plaintiff's claim for a period of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, but only beginning February 11, 2017. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 13, and Commissioner's Motion for Summary Judgment ("Commissioner's Motion"), ECF No. 15. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, and **REVERSES** and **REMANDS** the Administrative Law Judge's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. A separate order will issue.

1

I. **Procedural Background**

The matter before the Court is the second appeal on Plaintiff's claims. On September 17, 2012, Plaintiff filed claims for DIB under Title II and for SSI under Title XVI. R. 18, 68–83, 193–205. For both claims, Plaintiff alleged disability beginning March 30, 2011. R. 18, 412. Plaintiff alleged disability due to high blood pressure, asthma, chronic obstructive pulmonary disease (COPD), depression and anxiety. R. 68, 76, 87. Plaintiff's claims were initially denied on December 21, 2012, R. 18, 74, 82, and upon reconsideration on August 8, 2013, R. 18, 86–110, 132–33. On August 12, 2013, Plaintiff requested an administrative hearing. R. 18, 134–35. A hearing was held before an administrative law judge ("ALJ") on January 29, 2015. R. 18, 39. On April 7, 2015, the ALJ denied both of Plaintiff's claims. R. 15–33. Plaintiff sought review of this decision by the Appeals Council, which concluded on May 24, 2016, that there was no basis for granting Plaintiff's Request for Review. R. 1–7. Plaintiff appealed that decision by filing a complaint with this Court on September 9, 2016. R. 412, 484–94. However, on June 12, 2017, Commissioner filed a consent motion seeking remand of the matter for further administrative proceedings and development. R. 498–500. The Court granted that motion and ordered the matter remanded for further proceedings. R. 412, 495, 498. Subsequently, the Appeals Council issued an order remanding the case to an ALJ for additional proceedings. R. 502–07. On March 15, 2018, a second administrative hearing was held before a different ALJ. R. 412, 434. On May 17, 2018, the ALJ found that Plaintiff was disabled but only beginning on February 11, 2017. R. 407–26. Accordingly, Plaintiff's claim for SSI was granted but her claim for DIB was denied. R. 426. Plaintiff appealed that decision by filing the instant proceeding on August 28, 2018. ECF No. 1.

## II. Standard of Review

On appeal, the Court has the power to affirm, modify, or reverse the decision of the administrative law judge ("ALJ") "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law. *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002). Substantial evidence is "more than a mere scintilla." *Russell*, 440 F. App'x at 164. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court

3

uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II and Title XVI if he is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). The Code of Federal Regulations outlines a five-step process that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i) (2012). If she is doing such activity, she is not disabled. If she is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509/416.909], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If she does not have such impairment or combination of impairments, she is not disabled. If she does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If she does have such impairment, she is disabled. If she does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If she can perform such work, she is not disabled. If she cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If she can perform other work, she is not disabled. If she cannot, she is disabled.

Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c). In making this assessment, the ALJ must consider all relevant evidence of the claimant's impairments and any related symptoms. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

### III. Analysis

In this matter, the ALJ evaluated Plaintiff's claims using the five-step sequential evaluation process. R. 413–26. The ALJ determined that Plaintiff met the insured status requirements through September 30, 2012. R. 413, 415. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 30, 2011. R. 415. At step two, under 20 C.F.R. §§ 404.1520(c), 416.920(c), the ALJ determined that Plaintiff had the following severe impairments: "asthma, chronic obstructive pulmonary disease (COPD), obesity,

5

depression, and anxiety." R. 415. The ALJ stated that the listed impairments were severe because they "constitute more than slight abnormality or combination of slight abnormalities that cause more than minimal functional limitations." *Id.* The ALJ also noted that Plaintiff suffered from several other impairments but found them to be "non-severe" because "medical evidence of record [did] not indicate that these impairments impose[d] more than minimal limitations in [Plaintiff's] ability to complete work-related activities." R. 415. In step three, the ALJ found that Plaintiff suffered from moderate limitations in several functional areas, including concentration, persistence, or pace. R. 19. Ultimately, the ALJ determined that Plaintiff did not have "an impairment or a combination of impairments that [met] or medically equal[ed] the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." R. 416. At step four, the ALJ determined that Plaintiff had the RFC to perform sedentary work except that:

> [Plaintiff] can never climb ladders, ropes, or scaffolds, and she can have occasional exposure to extreme cold and extreme heat, wetness or humidity, and pulmonary irritants such as fumes, odors, dusts, gases, poorly ventilated areas, and chemicals. She can perform simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements, involving only simple, work related decisions, with few, if any, workplace changes, and she can have only occasional contact with the public, coworkers, and supervisors.

R. 418. The ALJ then determined that Plaintiff was unable to perform any of her past relevant work. R. 423. The ALJ noted that for part of the alleged period of disability, Plaintiff was categorized as a "younger individual age 45–49." R. 424. He then went on to note that on February 10, 2017, Plaintiff turned 50 years old, which changed her age category to "an individual closely approaching advanced age." *Id.* Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that "prior to February 10, 2017, . . . , there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed." R.

6

424. These included document preparer, weight checker, and final assembler. R. 425. However, after February 10, 2017, there were "no jobs that exist[ed] in significant numbers in the national economy that [Plaintiff] could perform." *Id.* In light of this, the ALJ found that Plaintiff was not disabled prior to February 10, 2017, but became disabled on February 10, 2017, through present. *Id.* Accordingly, Plaintiff's claim for SSI was granted but her claim for DIB was denied. R. 426.

On appeal, Plaintiff requests that the Court grant summary judgment in her favor or, in the alternative, remand this matter to the Social Security Administration ("SSA") for a new administrative hearing. Pl.'s Mem. 7. For the reasons set forth below, the Court **REVERSES** the ALJ's decision and **REMANDS** the matter for further proceedings.

**A. The ALJ's RFC Analysis.**

In her motion, Plaintiff argues the ALJ did not base his RFC determination upon medical evidence. *Id.* at 5–6. To support her argument, Plaintiff points to the fact that the ALJ relied upon medical opinions that were ambiguous and contradictory to the RFC determination. *Id.* at 5. Plaintiff further asserts that the ALJ did not give Plaintiff's treating physician's opinion "great weight" as he was required. *Id.* Without medical evidence supporting the RFC findings, Plaintiff asserts they are invalid. *Id.* Commissioner counters that the ALJ properly evaluated the medical opinions in the record, including Plaintiff's treating physician's opinion, and that an ALJ is not required to adopt any single medical opinion. Comm'r's Mem. 5–10.

   *1. The ALJ failed to properly evaluate Plaintiff's treating physician's medical opinion.*

An ALJ has a duty to explain his decision so as to enable meaningful judicial review. *See Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987). A denial of benefits is not supported by substantial evidence if the ALJ "has [not] analyzed all evidence and . . . sufficiently explained

7

the weight he has given to obviously probative exhibits . . . ." *Gordon v. Schweiker*, 725 F.2d 231, 236 (4th Cir. 1984) (quoting *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir. 1977)); *see also Murphy*, 810 F.2d at 437 (holding that an ALJ failed to "explicitly indicate" the weight he afforded two medical opinions when he failed to provide the reasons for why he credited one doctor's opinion over another doctor's conflicting opinion); *Durham v. Apfel*, 225 F.3d 653, 2000 WL 1033060, at *5 (4th Cir. 2000) (*per curiam*) ("The ALJ's failure to explain adequately the basis for his findings compels us to conclude that his decision to deny benefits to [the plaintiff] was not supported by substantial evidence."). Additionally, "the ALJ is required to give 'controlling weight' to opinions proffered by a claimant's treating physician so long as the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (citing to 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)); *see also Sharp v. Colvin*, 660 F. App'x 251, 256 (4th Cir. 2016) (same). An ALJ can assign a lesser degree of weight to a treating physician's medical opinion but must provide an explanation for this decision and support it with evidence in the record. *See Lewis*, 858 F.3d at 867–68 (finding the ALJ's rejection of the treating physician's opinion as "perfunctory" as his explanation "span[ned] only four lines and overlook[ed] critical aspects of [the plaintiff's medical treatment history"). In *Lacek v. Colvin*, the ALJ only assigned weight to three out of the seventeen opinions in the record, "and for those three opinions he merely stated that he gave them 'some' or 'very minimal' weight." *Lacek v. Colvin*, Civ. A. No. CBD-13-2046, 2014 WL 2865992, *7 (D. Md. 2014). This Court determined that this "glaring lack of substance and weighing of the opinion evidence" left it "without an adequate understanding of how the ALJ reached essential decisions." *Id.* In remanding the case back for further proceedings, this Court

held that, "[a]lthough 'administrative verbosity' is not required, the ALJ must conduct analysis and an explanation that allows a reviewing Court to understand the conclusions he reached and why he reached them." *Id.* at *8; *see also Johnson v. Berryhill*, Civ. No. BPG-16-3352, 2017 WL 6994533, at *1 (D. Md. Dec. 12, 2017) ("The ALJ need not mechanically discuss every factor when choosing to afford a treating physician's opinion less weight, as long as the ALJ articulates the reasoning behind the decision.").

Here, the ALJ reviewed several medical opinions that were included in Plaintiff's record and afforded them varying weights ranging from little to partial. R. 422–23. For each opinion, the ALJ also stated specific reasons for why these weights were given. *Id.* (noting several providers' opinions did not address Plaintiff's complete RFC or did not support part of their opinion with evidence in the record). Plaintiff's treating physician, Dr. Nathan Scott, completed two medical source statements: one in January 2013 and the other in January 2018. R. 420–21. The ALJ gave each of Dr. Scott's opinions "partial weight." R. 423. For the 2013 opinion, the ALJ supported his departure from the regulations by noting that the doctor's findings were "not supported by his own treatment notes and is not consistent with the objective evidence of record." *Id.* The explanation went on to cite to specific inconsistencies between Plaintiff's breathing limitations and the record evidence. *Id.* This Court has deemed such reasoning to be a sufficient explanation for assigning less than controlling weight to a treating physician's opinion. *See, e.g., Sharp*, 660 F. App'x at 257 (finding the ALJ's reasoning that "the claimant's reported limitations were not supported by [the physician's] office notes" was a sufficient explanation for the assignment of "little weight" as it identified a category of evidence). Accordingly, remand is not warranted on this issue.

9

Turning to Dr. Scott's 2018 opinion, the ALJ's decision to assign only partial weight was based upon the lack of clarity and support Dr. Scott provided for his conclusions. R. 423. The ALJ also noted generally that Dr. Scott's 2018 opinion that Plaintiff should be limited to "sitting for a total of four hours in an eight-hour day" was "not consistent with the record." *Id.* However, the ALJ did not offer any specific or even a category of evidence in the record that he found contradicted Dr. Scott's 2018 opinion. This cursory explanation is particularly problematic when Dr. Scott's 2018 opinion is compared to his 2013 opinion. The 2013 opinion also included limitations to sitting, restricting Plaintiff to sitting "for 30 to 40 minutes at a time and for six hours total in an eight-hour workday . . . ." R. 420. In his discussion, the ALJ gave no indication that this portion of Dr. Scott's 2013 opinion was without support in the record. Further, Dr. Scott's limitations for sitting were discussed during the second hearing. R. 455–56. At that time, the VE testified that an individual restricted to "standing one hour and sitting six hours" would not be able to maintain employment in the jobs identified by the VE at step five of the analysis. *Id.* In other words, if Dr. Scott's limitations for sitting were incorporated, they would render the ALJ's step five findings invalid. As previously stated, it is the ALJ, not the Court, who is tasked with making findings of fact and resolving evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted). The ALJ must do so by "build[ing] an accurate and logical bridge from the evidence to [his] conclusion." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016); *see also Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), as amended (Feb. 22, 2019) (citation omitted) (stating "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion"). Accordingly, remand is warranted on this issue.

## 2. There is no requirement that an RFC corresponds with one specific medical opinion.

Plaintiff's argument that the lack of a medical opinion supporting the ALJ's specific determination of Plaintiff's RFC constitutes reversible error is without out merit. A claimant's RFC is "an administrative assessment made by the Commissioner based on all the relevant evidence in the case record." *Felton-Miller v. Astrue*, 459 F. App'x 226, 230–31 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.1546(c), 416.946(c); SSR 96-8p). "An ALJ may properly base his RFC determination on a claimant's 'subjective complaints, the objective medical evidence, and the opinions of treating, examining, and non-examining physicians,' and is not required to obtain an expert medical opinion as to a claimant's RFC." *Johnson*, 2017 WL 6994533, at *2 (quoting *Felton-Miller*, 459 F. App'x at 231). Accordingly, so long as an ALJ bases his RFC determination on all relevant evidence in the record and addresses contradictory evidence in his narrative discussion, remand is not warranted on his failure to obtain a separate medical assessment.

The remaining issues raised by Plaintiff concern steps in the sequential evaluation process that rely upon an RFC determination. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv)–(v), 416.920(a)(4)(iv)–(v) (requiring an ALJ determine whether a claimant retains the RFC to perform "past relevant work" at step four and determine whether a claimant can perform other work by taking into consideration her RFC, age, education, and work experience). Accordingly, the Court cannot reach these issues without the ALJ first addressing the deficiencies in Plaintiff's RFC.

## IV. Conclusion

Based on the foregoing, the Court **REVERSES** and **REMANDS** this matter with specific instructions for the ALJ as outlined in the foregoing opinion. In making this decision, the Court offers no opinion on the ALJ's ultimate determination that Plaintiff is not disabled within the meaning of the Social Security Law.

July 11, 2019

/s/
Charles B. Day
United States Magistrate Judge

CBD/clc